UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL KENT,

        Plaintiff,

   v.

HOLLEY CORYELL,

        Defendant.

CASE NO. 3:16-CV-05020-RJB-DWC

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Motion for a Lawyer ("Motion"). Dkt. 11. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the

1  Court must evaluate both "the likelihood of success on the merits [and] the ability of the

2  [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."

3  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718

4  F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

5  of his case or the legal issues involved and an inadequate ability to articulate the factual basis of

6  his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

7      Here, Plaintiff has not shown he is indigent. He paid the $400.00 filing fee in this case,

8  and has not submitted any documentation showing he cannot afford an attorney. Additionally,

9  Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff

10  has not shown an inability to articulate the factual basis of his claims in a fashion understandable

11  to the Court. While Plaintiff contends he is likely to succeed on the merits because Defendant

12  admitted to all the facts in the Complaint, it appears Defendant merely responded to

13  interrogatories and has not conceded to any allegations contained in the Complaint. *See* Dkt. 11,

14  12. Thus, Plaintiff has not shown he is likely to succeed on the merits of his case.

15      Accordingly, Plaintiff's Motion is denied without prejudice.

16      Dated this 26th day of May, 2016.

                                                  David W. Christel
                                                  United States Magistrate Judge