UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL KENT,

    Plaintiff,

v.

HOLLEY CORYELL,

    Defendant.

CASE NO. 3:16-CV-05020-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: December 30, 2016

    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. On November 21, 2016, Plaintiff Darrell Kent, proceeding *pro se*, filed "Notice of CR 41 Withdrawal of 42 U.S.C. § 1983 Complaint" ("Motion to Dismiss"), requesting to voluntarily withdraw his Complaint. Dkt. 23. The undersigned recommends the Complaint be dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and all pending motions be denied as moot.

## BACKGROUND

    On January 8, 2016, Plaintiff initiated this lawsuit. Dkt. 1. He filed proof of service on January 25, 2016. Dkt. 5. Defendant Holley Coryell filed an Answer on March 14, 2016. Dkt. 9.

REPORT AND RECOMMENDATION - 1

Plaintiff filed a Motion for Summary Judgment on October 21, 2016 and, on November 3, 2016, Defendant filed a Motion for Summary Judgment. Dkt. 14, 15.

Plaintiff filed the Motion to Dismiss on November 21, 2016. Dkt. 23. Defendant filed a Response to the Motion to Dismiss requesting the matter be dismissed pursuant to Plaintiff's Motion to Dismiss. Dkt. 24.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Plaintiff filed the Motion to Dismiss after Defendant filed her Answer. *See* Dkt. 9, 23. However, Defendant has not filed any counterclaims and requests this matter be dismissed pursuant to Plaintiff's Motion to Dismiss. *See* Dkt. 24. As Defendant agrees to the dismissal, the Court finds dismissal without prejudice is proper in this case.

## CONCLUSION

For the foregoing reasons, the Court recommends Plaintiff's Motion to Dismiss (Dkt. 23) be granted. The Court further recommends all remaining pending motions (Dkt. 14, 15) be denied as moot and the Complaint be dismissed without prejudice.

1   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
6 December 30, 2016, as noted in the caption.

7   Dated this 13th day of December, 2016.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3